(41 Misc. Rep. 106.)

BELLEGARDE v. UNION BAG & PAPER CO.

(Supreme Court, Trial Term, Washington County.   June, 1903.)

1. MASTER AND SERVANT—INJURIES TO EMPLOYÉ—RIGHTS ON MASTER'S PREM
   ISES—INVITATION—EMPLOYERS' LIABILITY ACT—CONSTRUCTION.
   Employers' Liability Act (Laws 1902, p. 1749, c. 600) § 2, declares that
   an employé injured by the negligence of his employer's superintendent
   or acting superintendent shall have the same right of compensation and
   remedies against the employer as if the employé had not been an employé.
   *Held*, that such section was intended merely to prevent the negligence
   of the superintendent from being imputed to the employé, and hence,
   where plaintiff in an action for injuries thereunder was in fact an em-
   ployé, he could not be treated as a trespasser on his employer's premises,
   and it was proper for the court to charge that he was on the premises
   by his employer's invitation.

Action by John Bellegarde against the Union Bag & Paper Com-
pany. A judgment was rendered in favor of plaintiff, and defendant
moves for a new trial on the minutes. Motion denied.

T. F. Hamilton, for plaintiff.
Edgar T. Brackett, for defendant.

JOHN M. KELLOGG, J. The plaintiff was an employé of the
defendant, engaged in assisting in the construction of an addition to
the defendant's storehouse at Ballston Spa; and he and another, un-
der the direction of one Gregg, as foreman, by a gin or shears, were
lifting timber from the ground into an upper story. The gin was un-
supported in front, and when the timber was lifted up to the building,
and was being moved back into the building by means of a "dolly" or
roller passing between the legs of the gin, the gin fell back into the
building, and hit and injured the plaintiff. Sufficient ropes were fur-
nished by the defendant to properly stay the gin, but it was deemed
unnecessary by the foreman to secure it otherwise.

It was practically assumed upon the trial that no recovery could be
had in this case, except under the employers' liability act, and the
notice provided by that act was served. The jury brought in a ver-
dict for the plaintiff for $1,000. Upon this motion to set aside said
verdict, and for a new trial upon the minutes of the court, it is urged
that the court erred in instructing the jury that the plaintiff was to be
deemed upon the premises of the defendant by its invitation. The
language of the statute is peculiar, and there is some reason for saying
that, as it provides the employé shall have the same remedies against
the employer "as if the employé had not been an employé of nor in the
service of the employer, nor engaged in his work," it has placed him
in the position of a stranger, and as upon the premises without invita-
tion. If that were the proper construction, the act does not benefit
the employé. Its declared object is "to extend and regulate the lia-
bility of employers," and section 5 provides that every existing right
of action for negligence is continued, and nothing in the act shall be
construed as limiting any such right of action. As a matter of fact,
the plaintiff was upon the premises by the invitation of the master, and
was his employé, engaged in his business for the mutual advantage of
the master and himself. The statute requires, for the better protec-

tion of the employé, that we shall overlook the fact that he is an employé, or in the master's service or engaged in his work, so that the
negligence of a superintendent shall not be imputed to him as that of
a co-servant; but it does not purport to change, nor can it change,
the fact that he is not upon the premises as a sightseer, an interloper,
or a trespasser, but is there for the defendant, and at his request. It
would be too technical a construction of the statute for the court to
turn the plaintiff into a trespasser or an interloper when he is upon the
premises for a legitimate and proper purpose, and for the benefit of the
defendant. The motion to set aside the verdict and for a new trial is
therefore denied. Sixty days' additional time is given in which to
make a case, if an appeal is seasonably taken.

Motion denied.